## Berkaski et ux. v. Moleski, etc.

Before Hoban, P. J., Eagen and Robinson, JJ.

*Samuel Fallk*, for plaintiffs.

*Irving L. Epstein*, for defendant.

ROBINSON, J., February 17, 1950.—Plaintiffs declare in trespass alleging that they owned a team of horses; that defendant unlawfully entered plaintiffs' barn and took the horses out without plaintiffs' knowledge and

consent; that while defendant was taking the horses out of the barn defendant negligently and carelessly caused one of the horses to stumble over stakes in the ground as a result of which one horse broke a hoof; that it was necessary to put it to death. Plaintiffs claim the value of the horse.

Defendant objected preliminarily to the complaint on the grounds: (1) That the manner in which defendant caused the injury to the horse is not specifically set forth, and (2) that the complaint does not set forth a cause of action.

The objections overlook the various possible bases of liability alleged in the complaint. There was a dispossession of plaintiffs' chattels for which defendant was liable either as a trespasser or a converter. See A. L. I. Restatement of the Law of Torts §§221, 222. There was also a conversion of the horses because of the use of a chattel of another without authority: A. L. I. Restatement of the Law of Torts.

Defendant must also answer the allegations of negligence in causing the horse to stumble over an obstruction.

One undertaking the movement of horses is charged with the knowledge of their habits and that unguarded or improperly led or driven they are likely to encounter danger. Defendant assumed all of the risks involved in the custody of the horses. He was required to lead or drive them with such skill and care as to avoid injury which would result in the owners' loss of the animals: A. L. I. Restatement of the Law of Torts §290, comment (f).

The objections are without merit.

Now, February 17, 1950, the preliminary objections to the complaint are overruled. Defendant is allowed 20 days to make answer.